# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICHARD R. LISKO,

                  Petitioner,

v.

PATRICK MELMAN,
Superintendent,

                  Respondent.

Case No. 15-CV-972-JPS

**ORDER**

      Petitioner Richard R. Lisko ("Lisko") filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. (Docket #1). After a jury trial in Fond du Lac County Circuit Court, Lisko was convicted of False Imprisonment, a violation of Wis. Stat. § 940.30, and First Degree Reckless Injury, a violation of Wis. Stat. § 940.23(1)(a). Lisko is currently confined to the Sanger B. Powers Correctional Center in Oshkosh, Wisconsin.

      On June 15, 2016, Lisko filed his brief in support of the petition. (Docket #14). On August 29, 2016, the Respondent filed its brief (Docket #19), and on October 10, 2016, Lisko filed his reply (Docket #20). The petition is now fully briefed and ready for disposition.

      In reaching its decision, the Court will begin by describing the factual background of this case. Thereafter, the Court will discuss the pertinent law and its application to the specific facts of the case. As discussed in detail below, the Court finds that none of Lisko's claims form the basis for habeas relief.

1. **BACKGROUND**

    **1.1. Circuit Court Proceedings**

The Wisconsin Court of Appeals described the facts of Lisko's case as follows:

> Fond du Lac sheriff's deputy Pete Vergos responded to a report of a burglary in progress at Lisko's home. Vergos arrived to find Lisko, Joel Kennedy, Sr. (Kennedy), Kennedy's eighteen-year-old son, Joel Kennedy, Jr. (Joel or Joey), and Lisko's neighbor, Henry Haack, on Lisko's porch. Vergos observed that Joel was bleeding about his face, head, and ears. Lisko said his dog Bubba attacked Joel as he was breaking in. When Joel said that was true, Vergos searched and handcuffed him and put him in the squad car. The search yielded no burglarious tools, drugs, or anything suspicious.
>
> ¶3 In the squad Joel told Vergos a different story. He said he and his father were invited to Lisko's for the weekend, that shortly after their arrival, Lisko began accusing him of past break-ins, thefts, and property damage, which Joel denied. He punched Joel, knocked him to the floor, kicked him, then commanded Bubba to attack him. Over the next hour or so, Lisko bound Joel's ankles with a leather leash, dragged him outside, tied his feet to a post on the porch, and later, assisted by Kennedy, hoisted him up by his ankles and left him suspended from a porch rafter. Throughout this time, Lisko periodically commanded Bubba to attack him. Lisko freed Joel only when Haack arrived and demanded that Joel be cut down. When confronted, Lisko told Vergos he tied up Joel so he would not run away and to get to the bottom of the recent spate of thefts. Vergos released Joel from custody and called an ambulance.
>
> Lisko was charged with false imprisonment and first-degree reckless injury. At his jury trial, Lisko asserted that his reasonable belief that Joel had burglarized his home justified the "citizen's arrest" and the manner and length of detention. When the State rested, Lisko moved to dismiss the reckless

> injury charge on grounds that it had not proved that he caused Joel great bodily harm. The court denied his motion, the jury found him guilty.

(Docket #12-7 at 227-228).

The Circuit Court sentenced Lisko on count one to three years, consisting of one year of initial confinement and two years of extended supervision. On count two, which was to be served consecutively to count one, the circuit court sentenced Lisko to nine years, consisting of five years of initial confinement followed by four years of extended supervision. (Docket #12-2 at 25).

### 1.2 Appellate Proceedings

In a decision dated November 5, 2014, the Wisconsin Court of Appeals affirmed the judgment of conviction in an unpublished decision, concluding that: (1) the evidence was sufficient to support the jury's verdict; (2) the alleged prosecutorial misconduct did not deprive Lisko of a fair trial; and (3) the trial court did not erroneously fail to give the *falsus in uno* jury instruction or strike a juror for cause. (Docket #12-7). On November 20, 2014, Lisko petitioned the Wisconsin Supreme Court for review, claiming that the State deprived him of his right to a fair trial by: (1) obtaining his counsel's work product, (2) violating the court's sanction order, (3) failing to disclose exculpatory evidence that a third party caused the victim's injuries, and (4) presenting materially false testimony. (Docket #12-7 at 240-269). On February 10, 2015, the Wisconsin Supreme Court denied Lisko's petition. (Docket #12-9).

### 2. DISCUSSION

Lisko is entitled to habeas relief only if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2254(a). The Respondent's brief argues that Lisko fails to address the proper standard for habeas relief, and further that none of the four claims merit habeas relief. In reply, Lisko alters his argument to request "full and fair discovery on the prosecutorial misconduct that violated his due process right to a fair trial." (Docket #20 at 4). As such, the Court will begin its discussion on the issue of whether further discovery is appropriate at this juncture in the case. Thereafter, because the Court finds further discovery is unwarranted, it will proceed to the merits of Lisko's claims.

### 2.1 Habeas Discovery

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Granting discovery is left to the discretion of the court. *See* Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 6(a) provides that "a party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure, if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *Bracy v. Gramley*, 520 U.S. at 904 (quoting Rules Governing § 2254 Cases Rule 6[a] ). In order to satisfy the two requirements of the Rule 6(a) test, Lisko must: (1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; and (2) show "good cause" for the discovery. *Henderson v. Walls*, 296 F.3d 541, 553 (7th Cir. 2002), vacated on other grounds, 537 U.S. 1230 (2003); *see also Harris v. Nelson*, 394 U.S. 286, 298-300, (1969). Good cause, however, cannot exist where the facts alleged do not provide a basis for relief. *Matta-Ballesteros v. Henman*, 896 F.2d 255, 259 (7th Cir. 1990).

Mindful of the potential abuse of excessive litigation, the courts have determined that in order for discovery to be granted in a habeas case, the petitioner must identify the essential elements of a constitutional claim, and show good cause. *Id.* Good cause is satisfied "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Harris v. Nelson*, 394 U.S. 286, 300 (1969). Alternately, good cause may be found when a petition for habeas corpus relief "establishes a prima facie claim for relief." *Id.* A motion will be denied if based on conclusory allegations or a laundry list of records sought, since it would contravene the purpose of the good cause standard. *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir.1994).

Further, the ability of a habeas petitioner to introduce new evidence into the record depends on the interplay between two provisions: 28 U.S.C. § 2254(e)(2) and Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts. *See Owens v. Frank*, 394 F.3d 490, 498 (7th Cir. 2005). Section 2254(e)(2) addresses the requirements to obtain an evidentiary hearing. It provides: "If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows ... a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A). Rule 7 provides for expansion of the record. Specifically, Rule 7(a) provides: "If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials

be authenticated. Rule 7(b) explains that "affidavits may be submitted and considered as a part of the record."

"A federal court's ability to hold an evidentiary hearing in order to supplement the record when the petitioner 'has failed to develop the factual basis of a claim in State court proceedings' is severely circumscribed." *Boyko v. Parke*, 259 F.3d 781, 789-90 (7th Cir.2001) (quoting 28 U.S.C. 2254[e][2] ); *see also, Williams v. Taylor,* 529 U.S. 420, 437 (2000) ("Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings."). The Court emphasized that the focus should be on whether the petitioner was diligent in his efforts to develop the facts, not on whether they were discoverable. *See Williams,* 529 U.S. at 435. "Diligence for purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court...." *Id.*

Mr. Lisko seeks production of the files from the Waukesha County District Attorneys' Office and the Fond du Lac District Attorneys' Office. He requests discovery to "determine exactly what the Fond du Lac County District Attorneys' Office new about its star witness's false testimony and the events giving rise to the Waukesha County case of *State v. Grisius."* (Docket #20 at 1). He also seeks to depose the attorneys and investigators from those two offices who were involved in these two cases. Mr. Lisko argues the trial court erred in ignoring his request for an evidentiary hearing regarding the knowledge of the state's knowledge of the *Grisius* case and the facts surrounding. He does not, however, make any mention of why he did not pursue this argument on appeal at the state level. (*See* Docket #20 at 3-4).

It is well-established that in habeas cases, a federal court is not an alternate forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings. *Williams,* 529 U.S. at 437. In this case, Mr. Lisko has made no showing, much less established good cause, for his requested discovery. Moreover, there is no indication that this information was not discoverable through the exercise of due diligence at the time of Mr. Lisko's state court proceeding. In contrast, Mr. Lisko already raised the issue of further discovery at the trial level, but he provides no information as to why did not pursue the issue on appeal. Thus, Mr. Lisko has not made the showing required by 28 U.S.C. § 2254(e)(2). Accordingly, the Court concludes that Mr. Lisko is not entitled to any further discovery. As such, the Court will turn to discuss the merits of Mr. Lisko's petition.

### 2.2    Habeas Standard of Review

"As amended by [the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)], 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Id.* Because the state court adjudicated Lisko's claims on their merits, the Court may grant a writ of habeas corpus only if the state court's decision with respect to that claim was: (1) "contrary to…clearly established federal law, as determined by the Supreme Court of the United States"; (2) "involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1–2); *see also Conner v. McBride*, 375 F.3d 643, 648–49 (7th Cir. 2004) (citing *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997)). "When a state collateral review

system issues multiple decisions, [courts] typically consider the last reasoned opinion on the claim.…" *Taylor v. Grounds*, 721 F.3d 809, 817 (7th Cir. 2013) (quoting *Woolley v. Rednour*, 702 F.3d 411, 421 (7th Cir. 2012)).

"A state court decision is contrary to clearly established federal law if the court applies a rule that plainly contradicts the Supreme Court's governing rule or if it comes to a result different than did the Supreme Court on substantially identical facts." *Avila v. Richardson*, 751 F.3d 534, 536 (7th Cir. 2014) (citing *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)); s*ee also Kamlager v. Pollard*, 715 F.3d 1010, 1016 (7th Cir. 2013) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)).

"A decision involves an 'unreasonable application' of Supreme Court precedent if the decision, while identifying the correct governing rule of law, applies it unreasonably to the facts of the case." *Bailey v. Lemke*, 735 F.3d 945, 949 (7th Cir. 2013) (citing *Williams*, 529 U.S. at 407). However, the Supreme Court has made clear that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U.S. at 410 (emphasis in original). In fact, Mr. Shallcross will be entitled to habeas relief only if he can "show that the state court's ruling on the claim…was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); s*ee also Taylor*, 721 F.3d at 817.

"A decision 'involves an unreasonable determination of the facts if it rests upon factfinding that ignores the clear and convincing weight of the evidence.'" *Bailey*, 735 F.3d at 949–50 (quoting *Goudy v. Basinger*, 604 F.3d 394, 399–400 (7th Cir. 2010)); *see also Carter v. Thompson*, 690 F.3d 837, 839 (7th

Cir.2012) (quoting 28 U.S.C. § 2254(e)(1)) ("A state court's factual findings are 'presumed to be correct' in a federal habeas corpus proceeding unless they are rebutted by 'clear and convincing evidence.'").

### 2.3 Substantive Analysis

With that standard of review in place, the Court addresses Lisko's claims for relief. Lisko challenges his conviction on four separate grounds that the State denied his due process right to a fair trial: (1) obtaining counsel's work product through espionage; (2) repeatedly violating the trial court's sanction order arising from that misconduct; (3) failing to disclose exculpatory evidence; and (4) presenting false evidence to the jury. As a whole, Lisko's arguments largely suffer from the failure to apply the stringent AEDPA standard of review to his claims. As discussed in detail below, the Court finds that Lisko is not entitled to habeas relief on any of the following grounds.

#### 2.3.1 Claims One and Two

The Court will address Claims One and Two together because Lisko fails to argue that the Court of Appeals incorrectly applied federal law or applied an unreasonable application of the facts. Mr. Lisko argues in Claim One that the State violated his due process right to a fair trial through obtaining his counsel's work product in *ex parte* communications. (Docket #14 at 16). In his brief, and as the Respondent points out, Lisko makes no mention of how the Court of Appeals violated any federal law, much less any clearly established law. This is likely so, because as the Court of Appeals notes, "work-product" privilege is not a right of constitutional dimension. (Docket #12-7 ¶ 19). Similarly, Lisko argues in Claim Two that the State violated his right to a fair trial through violating the trial court's sanction order.

However, again, Lisko fails to identify *any* law in his argument, much less argue that the Court of Appeals violated clearly established federal law. (*See* Docket #17-18). Additionally, Lisko makes no argument as to how the Court of Appeals applied an unreasonable application of the facts to either Claims One or Two. As such, Lisko fails to provide any basis for habeas relief on Claims One or Two.

### 2.3.2 Claim Three

Next, Lisko claims the State violated his due process right to a fair trial by failing to disclose exculpatory evidence that would have altered the jury's verdict on first-degree reckless injury. Specifically, he points to the alleged exculpatory evidence that the victim suffered injuries from a third party days before the events leading to Lisko's conviction. Lisko relies on *Kyles v. Whitney*, 514 U.S. 419 (1995) to support his argument that suppression of evidence favorable to the defense violates the constitution. (Docket #14 at 19).

As Respondent points out, *Kyles* involves the government's *deliberate* suppression of favorable evidence; Lisko fails to provide any facts of deliberate suppression and instead relies on conclusory speculation. Thus, Lisko fails to show that the Court of Appeals' decision was contrary to or an unreasonable application of any clearly established law. Moreover, the Court of Appeals' decision was not based on an unreasonable determination of the facts in light of the evidence presented in the trial court. The trial court specifically found that the victim made reference to the injury (falling off his bike). In light of that evidence, the Court of Appeals found that any allegedly late disclosure was at worst harmless error "because whatever undescribed injuries [the victim] suffered in the Waukesha county event played no part in the jury's determination that [he] suffered protracted numbness from

Case 2:15-cv-00972-JPS   Filed 12/05/16   Page 10 of 13   Document 23

being suspended by his ankles."(Docket #12-7 at 236). The Court cannot say this was an unreasonable application of the facts based on the record before it. As such, Lisko fails to establish a case for habeas relief under Claim Three.

### 2.3.3 Claim Four

Finally, Lisko argues that the State violated his due process right to a fair trial by presenting materially false testimony. Specifically, he points to the following allegedly false testimony: (1) witness denied using heroin after being confronted by his contrary testimony; (2) witness denied burglarizing Lisko's property, contradicting his prior statement; (3) witness lied about dog biting him, contradicting prior statement; (4) witness lied about cause of facial injuries, contradicting prior statement; and (5) witness lying about falling off bike and injuries suffered, contradicting prior statement. (*See* Docket #14 at 24). Lisko argues that the Court of Appeals erred in finding that "none of the false statements are material to the issue of great bodily harm."(Docket #14 at 25) (citing Docket #12-7 ¶ 28). In support of his argument, Lisko cites three Supreme Court cases: *Bracy v. Gramley*, 520 U.S. 899 (1997); *Giglio v. United States*, 405 U.S. 150 (1972); and *Napue v. Illinois*, 360 U.S. 264 (1959).

The Court does not find that the Court of Appeals' decision on Claim Four was in violation of clearly established law or an unreasonable application of the facts. The cases upon which Lisko relies upon provide support for the proposition that "that a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment." *See Napue*, 360 U.S. at 269. However, here, as described by the Court of Appeals, Lisko provides "no evidence that [the State] knew or believed [the witness's] testimony was untrue: it cannot

be said that Lisko's conviction was obtained through perjured testimony." Lisko's arguments that the State *knew* the testimony to be false is nothing more than speculation. Indeed, Lisko essentially admits he has no facts to show that the State knew of any perjured testimony; instead he argues that the Court should allow him to "get to the bottom of what the Fond du Lac County District Attorney's Office knew about [the] false testimony." (Docket #20 at 4). As described above, the Court has rejected Lisko's request for additional discovery.

Additionally, the Court of Appeals' decision was not based on an unreasonable application of the facts. As the court noted in its decision, the witness's testimony was "impeached where it was inconsistent with his prior statements." The court also found that none of the alleged false statements were material to the issue of bodily harm. Based on the record before it, the Court does not find, and Lisko does not argue, that the appeals court based its determination on an unreasonable application of facts. As such, Lisko is not entitled to habeas relief on Claim Four.

### 3.      CONCLUSION

Having concluded that none of Lisko's claims form the basis for habeas relief, the Court is obliged to deny Lisko's habeas petition.

Finally, under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Lisko must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should be issued, additional arguments are not necessary here.

In this case, reasonable jurists would not find the court's decision to deny the petition on procedural or substantive grounds debatable or wrong. As a consequence, the Court must deny a certificate of appealability as to Likso's petition.

Accordingly,

**IT IS ORDERED** that Lisko's petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Lisko's petition be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 5th day of December, 2016.

BY THE COURT:

*s/ J. P. Stadtmueller*
J.P. Stadtmueller
U.S. District Judge